BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
NICHOLAS J. WOYCHICK, IDAHO STATE BAR NO. 3912
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO

WAGNER D. JACKSON, Jr. D.C. BAR NO. 384709
TRIAL ATTORNEY
SKYLER H. PEARSON, NEBRASKA BAR NO. 25811
TRIAL ATTORNEY
J. PATRICK GLYNN,
DIRECTOR
CHRISTINA M. FALK,
ASSISTANT DIRECTOR
U.S. Department of Justice
Civil Division, Torts Branch
Environmental Tort Litigation
175 N Street N.E.
Washington, DC 20001
Telephone: 202-616-4211
Facsimile: 202-616-4473
Email: skyler.pearson@usdoj.gov

Attorneys for Defendant United States

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| MARK L. MANSFIELD and THERESA A. MANSFIELD, individually, and on behalf of their minor child, CM, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 4:18-cv-00278-BLW |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) | |

## DEFENDANT UNITED STATES OF AMERICA'S ANSWER TO PLAINTIFFS' VERIFIED COMPLAINT

Defendant United States of America hereby answers the allegations contained in Plaintiffs' Verified Complaint ("Complaint"), as follows. The numbered paragraphs of this Answer correspond to the numbered paragraphs in the Complaint. Defendant does not waive any defensive theory or agree to or admit that Plaintiffs' headings are accurate, appropriate, or substantiated. When a textual sentence is followed by a citation or citations, the textual sentence and its accompanying citation are referred to as one sentence. All allegations of the Complaint that are not specifically admitted, denied, or qualified, are hereby expressly denied.

### INTRODUCTION

1. Paragraph 1 contains conclusions of law which require no response. To the extent a response is required, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the same.

2. Admit.

### JURISDICTION AND VENUE

3. Paragraph 3 contains legal conclusions which require no response. To the extent a response is required, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the same.

### GENERAL ALLEGATIONS AND CAUSE OF ACTION

4. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations concerning the actions of CM, his dog, and Plaintiffs, as well as their observations and therefore denies the same. Defendant admits that the Bannock County Sheriff's Office Deputy Report dated May 1, 2017 ("Deputy Report") states that the hill is approximately three hundred yards from Plaintiffs' residence, but Defendant lacks sufficient knowledge to form a belief as to the

precise distance between the house and the hill.  Upon information and belief, Defendant denies that the M-44 device "exploded with a loud bang, knocking CM to the ground."  Defendant avers that an M-44 device contains a spring-activated ejector; it does not contain any explosive material.  *See* M-44 Device for Predator Control Factsheet, March 2018, USDA Animal and Plant Health Inspection Service (APHIS) Wildlife Services, available at https://www.aphis.usda.gov/publications/wildlife_damage/fs-m44-device.pdf.  Defendant denies any remaining allegations.

    5.   Defendant admits that a Forest Service law enforcement officer responded on the day of the incident.  Defendant lacks sufficient knowledge to form a belief as to the truth of the remaining allegations concerning the actions of Plaintiffs and local responders and therefore denies the same.

    6.   Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations concerning the activities and observations of the local law enforcement and therefore denies the same.  Defendant admits that APHIS used M-44 devices for predator control management, but Defendant denies that M-44 devices are "cyanide bombs."  Defendant avers that an M-44 device contains a spring-activated ejector; it does not contain any explosive material.  Upon information and belief, Defendant admits that two M-44 devices placed by an APHIS employee were discharged in the incident involving CM and his dog but lacks sufficient knowledge to form a belief as to the distance of a "second pipe."  Defendant lacks sufficient knowledge to form a belief as to the truth of the remaining allegations and therefore, denies the same.

    7.   Paragraph 7 contains legal conclusions which require no response.  To the extent a response is required, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations concerning injuries and treatment of CM and therefore denies the same.  Defendant

3

denies that M-44 devices are "cyanide bombs." Defendant avers that an M-44 device contains a spring-activated ejector; it does not contain any explosive material.

8. Defendant admits that APHIS employee Todd Sullivan came to the scene of the incident on March 16, 2017. Upon information and belief, Defendant lacks sufficient knowledge to form a belief as to the statements made by Todd Sullivan at the scene. However, Defendant admits that the Deputy Report states that Todd Sullivan stated that he placed two M-44 devices on February 25, 2017 in the location of the incident and that he placed two additional M-44 devices "in the same area close to Hoot Owl." Upon information and belief, Defendant lacks sufficient knowledge to form a belief as to the statements made by Todd Sullivan at the scene. However, Defendant admits that the Deputy Report states that Todd Sullivan stated that he had a signed agreement from the producer or caretaker of sheep grazing for predator control management on private land. Defendant lacks sufficient knowledge to form a belief as to the statements made by Todd Sullivan at the scene but denies that the Deputy Report states that Todd Sullivan referred to the M-44 devices as "cyanide bombs." Defendant denies that M-44 devices are "cyanide bombs." Defendant avers that an M-44 device contains a spring-activated ejector; it does not contain any explosive material. Defendant denies any remaining allegations.

9. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations concerning communications between the Bureau of Land Management and the Bannock County Sheriff's Department and therefore denies the same. Defendant denies that M-44 devices are "cyanide bombs." Defendant avers that an M-44 device contains a spring-activated ejector; it does not contain any explosive material.

10. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations concerning Todd Sullivan being interviewed a second time on April 4, 2017 and further lacks

sufficient knowledge to form a belief as to any statements or exchanges made during any such interview.  Defendant however, admits that there is a Deputy Report which states that Todd Sullivan was interviewed by the Bannock County Sheriff's Department on April 4, 2017.  Defendant admits that the Deputy Report states that: Todd Sullivan stated that he believed he was placing the M-44 devices on private land, Todd Sullivan stated that he subsequently found out that he placed the M-44 devices on BLM land, and Todd Sullivan stated that it was a mistake.  Defendant further admits that the Deputy Report states that: Todd Sullivan stated that he had the capability to differentiate between property lines and that Todd Sullivan stated that he had a simple GPS device to plot the device locations and did not have a computer with him to determine the property boundaries.  Defendant denies that the Deputy Report states that Todd Sullivan referred to the M-44 devices as "cyanide bombs."  Defendant denies that M-44 devices are "cyanide bombs."  Defendant avers that an M-44 device contains a spring-activated ejector; it does not contain any explosive material.  Defendant denies any remaining allegations.

11.  Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations concerning Todd Sullivan being interviewed and further lacks any sufficient knowledge as to any statements or exchanges made during any such interview.  However, Defendant admits that the Deputy Report states that Todd Sullivan was interviewed On April 4, 2017.  Defendant admits that the Deputy Report stated that the producer has had several issues in the past with wild canids so Todd Sullivan wanted to get a jump start on the season by using the M-44 devices.  Defendant denies that M-44 devices are "cyanide bombs."  Defendant avers that an M-44 device contains a spring-activated ejector; it does not contain any explosive material.  Defendant denies any remaining allegations.

12.  Paragraph 12, first sentence, contains legal conclusions which require no response.  To the extent a response is required to the first sentence, Defendant admits that the use of M-44s was approved in Eastern Idaho for the use of candid control but denies the remaining allegations.  With regard to the second and third sentences, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the same.  Defendant admits that the M-44 device contains a spring-activated ejector that delivers a dose of cyanide powder and that it uses a cyanide capsule that is registered as a restricted-use pesticide by the Environmental Protection Agency; it does not contain any explosive material.  *See* M-44 Device for Predator Control Factsheet, USDA APHIS Wildlife Services, March 2018, available at https://www.aphis.usda.gov/publications/wildlife_damage/fs-m44-device.pdf .  Defendant denies that M-44 devices are "cyanide bombs."  Defendant denies any remaining allegations.

13.  Paragraph 13 contains legal conclusions which require no response.  With regard to the factual allegations, Defendant respectfully refers the Court to the EPA's M-44 Use Restrictions which are the best evidence of their contents.  Defendant admits only that Plaintiffs have quoted portions of EPA's M-44 Use Restrictions and denies the allegations to the extent they are inconsistent with the Use Restrictions.  Defendant denies Plaintiffs' allegations concerning blatant disregard of and failure to comply with portions of the EPA's M-44 Use Restrictions.  Defendant lacks sufficient knowledge to form a belief as to the truth of the remaining allegations concerning knowledge of third parties and therefore denies the same.  Defendant further denies that M-44 devices are "cyanide bombs."  Defendant avers that an M-44 device contains a spring-activated ejector; it does not contain any explosive material.  Defendant denies any remaining allegations.

**FIRST CAUSE OF ACTION – NEGLIGENCE/AND NEGLIGENCE PER SE**

14.  Defendant incorporates by reference its responses to paragraphs 1-13 as if set forth in full herein.

15.  Paragraph 15 contains legal conclusions which require no response.  To the extent a response is required, the allegations are denied.  Defendant denies that M-44 devices are "cyanide bombs."  Defendant avers that an M-44 device contains a spring-activated ejector; it does not contain any explosive material.

16.  Paragraph 16 contains legal conclusions which require no response.  To the extent a response is required, the allegations are denied.

17.  Paragraph 17 contains legal conclusions which require no response.  To the extent a response is required, the allegations are denied.  Defendant additionally avers that an M-44 device contains a spring-activated ejector; it does not contain any explosive material and is not a "cyanide bomb."  .

18.  Paragraph 18 contains legal conclusions which require no response.  To the extent a response is required, the allegations are denied.  Defendant additionally avers that pre-judgement interest is not available against the United States. 28 U.S.C. § 2674.

19.  Paragraph 19 contains legal conclusions which require no response.  To the extent a response is required, the allegations are denied. The United States further avers that attorney's fees under the Federal Tort Claim Act are not recoverable and are limited by 28 U.S.C. § 2678.

**SECOND CAUSE OF ACTION – IMPUTED NEGLIGENCE**

20. Defendant incorporates by reference its responses to paragraph 1-19 as if set forth in full herein.

21. Paragraph 21 contains legal conclusions which require no response.  To the extent a response is required, the allegations are admitted.

22.  Deny.

23.  Paragraph 23 contains legal conclusions which require no response.  To the extent a response is required, the United States admits that the provisions of the Federal Tort Claims Act provide that the United States is liable for the acts and omissions of its employees. The United States denies the remaining allegations.

24.  Paragraph 24 contains legal conclusions which require no response.  To the extent a response is required, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the same.  Defendant denies that Plaintiffs are entitled to damages and avers that pre-judgement interest is not available against the United States. 28 U.S.C. § 2674.

25.  Paragraph 25 contains legal conclusions which require no response.  To the extent a response is required, the allegations are denied.  The United States further avers that attorney's fees under the Federal Tort Claim Act are not recoverable against the United States and are limited by 28 U.S.C. § 2678.

The remainder of the Complaint consists of Plaintiffs' request for relief, which requires no response.  To the extent a response is required, Defendant denies that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## **JURISDICTIONAL DEFENSES**

### **FIRST DEFENSE**

The United States may only be held liable if a private person would be held liable for similar conduct under the relevant state law.  28 U.S.C. §§ 2674, 1346(b).

**SECOND DEFENSE**

Plaintiffs' recovery, if any, is limited to the damages recoverable under the Federal Tort Claims Act.

**THIRD DEFENSE**

Plaintiffs cannot recover attorney's fees from the United States as a separate element of damages. Any attorney's fees recovered from the judgment are limited by 28 U.S.C. § 2678.

**FOURTH DEFENSE**

Plaintiffs are proscribed from recovering any amount for prejudgment damages against the United States.  28 U.S.C. § 2674.

**FIFTH DEFENSE**

Pursuant to 28 U.S.C. 2675(b), the Plaintiffs are prohibited from claiming or recovering an amount against the United States in excess of that set forth in their administrative claims.

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

If the United States were found liable, which the United States denies, then, the incident and Plaintiffs' alleged injuries and damages were proximately caused by the comparative negligence, or other fault of Plaintiffs and/or non-parties, and therefore Plaintiffs' claims are barred or must be reduced in accordance with I.C. § 6-802 regardless of any alleged negligence by Defendant or its agencies or employees, which alleged negligence is expressly denied.

**SECOND DEFENSE**

The comparative negligence or other fault of Plaintiffs or non-parties were intervening and superseding causes of the accident and Plaintiffs' alleged injuries and damages, and

therefore Plaintiffs' claims are barred or must be reduced in accordance with I.C. § 6-802 regardless of any alleged negligence by Defendant or its agencies or employees, which alleged negligence is expressly denied.

### THIRD DEFENSE

In the event Defendant United States is found negligent, which negligence the United States denies, such negligence is not the cause in fact or proximate cause of alleged damages suffered by the Plaintiffs.

### FOURTH DEFENSE

Plaintiffs' non-economic damages, if any, are limited to the amount allowed pursuant to I.C. § 6-1603.

### FIFTH DEFENSE

Any recovery by Plaintiffs shall be offset in accordance with I.C. § 6-1606.

### RESERVATION OF ADDITIONAL DEFENSES

The Defendant United States has considered and believes that it may have additional defenses to Plaintiffs' Complaint, but cannot at this time, consistent with Rule 11 of the Federal Rules of Civil Procedure, state with specificity those defenses.  Accordingly, said Defendant reserves the right to supplement its Answer and add additional defenses as discovery in this case progresses.

### PRAYER FOR RELIEF

WHEREFORE, the United States requests that this Court dismiss Plaintiffs' complaint with prejudice and for other and further relief as the Court may deem just and proper.

Dated: August 20, 2018.

                                        BART M. DAVIS
United States Attorney

NICK WOYCHICK
Assistant United States Attorney
District of Idaho

J. PATRICK GLYNN
Director, Torts Branch
Environmental Tort Litigation Section

CHRISTINA M. FALK
Assistant Director, Torts Branch
Environmental Tort Litigation Section

*/s/ Wagner D. Jackson, Jr.*
WAGNER D. JACKSON, Jr.
D.C. BAR No. 384709
Trial Attorney
United States Department of Justice
Civil Division, Torts Branch
Environmental Tort Litigation Section
175 N. Street, N.E., Suite 11.125
Washington, D.C. 20002
wagner.jackson@usdoj.gov
Telephone: (202) 616-4222
Facsimile: (202) 616-4989

*/s/ Skyler H. Pearson*
SKYLER H. PEARSON
NEBRASKA BAR No. 25811
Trial Attorney
United States Department of Justice
Civil Division, Torts Branch
Environmental Tort Litigation Section
175 N Street, N.E., Suite 11.224
Washington, DC 20002
skyler.pearson@usdoj.gov
Telephone:  (202) 616-4211
Facsimile:   (202) 616-4989

*Attorneys for the United States of America*