UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARK L. MANSFIELD and THERESA A. MANSFIELD, individually, and on behalf of their minor child CM,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 4:18-CV-278-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

The Court has before it a motion in limine filed by the plaintiffs. The motion is fully briefed and at issue. For the reasons explained below, the Court will deny the motion.

# BACKGROUND FACTS

On March 16, 2017, plaintiff CM, a minor child, and his dog Kasey were playing in the area about 300 yards from their home. CM saw what looked like a pipe protruding from the ground. He did not know that the "pipe" was an M/44 cyanide bomb placed by the Government to kill wolves and coyotes that might be preying on livestock. No warning signs were installed. CM pulled on the device and it exploded, spraying cyanide on CM's face, left eye, left arm, and his legs and

his chest, leaving an orange powdery residue on him.  The explosion also sprayed cyanide on Kasey.  While CM survived the incident, the dog died.  The family – CM and Mark Mansfield, his father, and Theresa Mansfield, his mother – filed this lawsuit to recover damages for their injuries.  The Government has agreed not to contest negligence and the remaining issues are causation and damages.

On December 16, 2020, the Court granted the Government's motion for partial summary judgment, and dismissed (1) all personal injury claims based on cyanide exposure; (2) all claims based on a fear of future harm; (3) Mark and Theresa Mansfield's claims for negligent and intentional infliction of emotional distress; and (4)  CM's claim for intentional infliction of emotional distress.

The Mansfields have now filed a motion in limine seeking to "exclude objections or arguments as to the value of Kasey, the Mansfield's late dog."  *See Motion in Limine (Dkt. No. 46)*.

## ANALYSIS

The Mansfields argue that as owners of Kasey, they are qualified to testify to his value and that the Government "has no way of valuing Kasey" so that "[a]ny denial of or objection to [the Mansfields'] valuation would be nothing more than a speculative, unsupported shot in the dark."  *See Brief (Dkt. No. 46-1)* at p. 4.  The Mansfields argue further that "any dispute as to [the Mansfields'] valuation of

Kasey must come in the form of an expert opinion" and the Government has failed to disclose any such expert.

If the Mansfields are arguing that the Government should be prevented from cross-examining them on their testimony of the value of Kasey, their motion in limine must be denied. Motions in limine are authorized under Rule of Evidence 104(a) but subsection (e) of that Rule states that it does not limit the right of a party to introduce evidence that "is relevant to the weight or credibility of other evidence." In other words, the Government remains free to challenge the weight or credibility of the Mansfields' testimony regarding the value of Kasey and to make arguments based on those challenges, such as that their testimony should not be believed, that the jury should give little weight to certain particulars of their testimony, and that their valuation is too high.

The Mansfields clarify their argument somewhat in their reply brief, arguing that the Government should be limited from "presenting evidence on or making speculative arguments as to Kasey's value." *See Brief (Dkt. No. 49)* at p. 3. But they do not identify any specific evidence or "speculative arguments" that they seek to exclude. Without that specificity, any exclusion order would be unfairly vague. Of course, the Mansfields retain the right to object at trial to any specific evidence the Government offers and the Court will rule at that time on that particular evidence.

**Memorandum Decision & Order – page 3**

For these reasons, the motion in limine must be denied.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion in limine (docket no. 46) is DENIED.

DATED: July 24, 2020

_____
B. Lynn Winmill
U.S. District Court Judge